9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roger Dale WHITE, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Marklin Christopher MANUEL, Defendant-Appellant.
 Nos. 92-10575, 92-10579.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1993.
Decided Oct. 28, 1993.
 
 Before: HUG, FARRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 The appeal raises three questions:
 
 2
 (1) Whether the district court abused its discretion by admitting evidence of a robbery that preceded the murder charged in the indictments;
 
 
 3
 (2) Whether the district court abused its discretion by rejecting a plea agreement pursuant to White. White and Manuel would have pled guilty to second degree murder, a lesser included offense; and
 
 
 4
 (3) Whether reversal is required due to prosecutorial misconduct?
 
 
 5
 It is argued that evidence of the prior robbery was admitted improperly under Fed.R.Evidence 404(b) and that such evidence should have been excluded under Fed.R.Evidence 403. We understand but reject the arguments.
 
 
 6
 The prior robbery was not "other crimes" evidence but was "inextrically intertwined" with the charged crime. See United States v. Williams, 989 F.2d 1061, 1070 (9th Cir.1993). Evidence found at the scene of the charged crime linked the prior robbery. It was admitted at trial because it had clear probative value. Further, its probative value outweighed its prejudicial effect. The jury was properly admonished. The government, in its closing argument, pointed out the limited purpose for which the evidence was admitted. We therefore also reject the argument that Rule 404(b) was violated.
 
 
 7
 The trial court articulated its reason for rejecting the plea agreement--it did not believe the factual basis recited in the agreement. This conclusion was substantiated by the government's admission that if the case were to proceed to trial, it would present evidence indicating that the factual basis of the plea agreement was false. It was not an abuse of discretion to reject the plea agreement.
 
 
 8
 Five instances of alleged prosecutorial misconduct are cited by White and Manuel. We have carefully reviewed the record. None have merit. Further, none could have even possibly materially affected the fairness of the trial. See United States v. McKoy, 771 F.2d 1207, 1212 (9th Cir.1985).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3